2427-94, that's in regarding Saifullah Khan. I'm sitting with Judge Jacobson Radji, and you pronounce my last name, Thetis. When the, Mr. Chairman, you're first. Am I pronouncing your name correctly, sir? I was surprised. Yes, Your Honor. Cerami. I'm from western New York, so it's a little bit through the nose. Okay. Great. So you've got five minutes, sir. Your Honors, may it please the Court, first thing I want to note is that there, although on pages 6, 8, and 31, my adversaries suggest that there's a safety interest here. There's no evidence. This case would be different if there was evidence that my client's speech was, posed imminent physical harm or imminent physical danger to Doe. There's no evidence in the record as to that. Principally, I'm here to answer your questions, so.  So have you filed an objection to the magistrate's order at this time? If I could hear? Have you filed an objection to the magistrate's order? To the 72? To the judge's order. Have I filed a second 72-2? I did not. Okay. Can you point us to a case where a court of appeals has issued a mandamus writ based on a magistrate judge's order that was not objected to? I cannot. I would note in Ray A.H. this Court construed, however, under the circumstances that it was best, better construed as a mandamus. Well, so I'm, my question is, do you, is it your position that any prior state of speech warrants mandamus relief? So in this case, I think the evidence is plain, given that there's an emergency motion pending before another 72-2 that's been pending before the district court for more than 100 days. I think it's over 120 days now. That was styled as an emergency itself. Okay, but that, does that convert this into a period of time? Like, is there, in other words, is there a magic date by which it would become too slow or not, or too fast? Like, where, how does that date and that time period relate? I think the court, I apologize, Judge. I think the court has to consider the totality of the circumstances. This is an equitable remedy, and the court has to decide, based on the circumstances, what is appropriate, whether mandamus is appropriate. And I think it is here, because we have, there's an ongoing harm to my client. He can't talk about certain things immediately. His speech is frozen. He can't, that's an ongoing harm. This is an unusual case. I'm actually not aware of a case where a magistrate judge has issued a prior restraint. I'm not aware of one. So this is unusual in that way as to whether, to loop back to Her Honor's question on that we can't, I can't identify a case as to that, but I can't identify any cases as to that. It just doesn't happen very often. I don't know that there's an exact magic time date. I don't think there is. I think it is here. We have, you know, a date set by DHS that we have to comply with. And I think that gives occasion, particular occasion, to litigate the issue. You have to comply with that by sending to DHS the official transcript. That's correct, Your Honor. And we have... Where would we look, to what body of law would we look to see what transcript is official? It's a good question, Judge, because as my clients, my adversaries have suggested on the 54, on the statute at issue here, it hasn't been heard by the superior court. No, there are no cases on point on that. Weren't you, wasn't your client invited to test this with the superior court? We are going to try to, Your Judge. We are going to, we planned to file. I wanted to see what was here before I filed. But we just got the transcript. Well, you're assuming the mandamus is like something you do instead of other things you might do. But mandamus is only available if it's your only recourse. We only received the transcript, an updated transcript, two days ago, on November 7th. And we filed that, a copy of that. And it mentions Doe's name hundreds of times. Wait a minute. You only received the transcript two days ago? I thought you had the transcript when you filed these papers. We had a copy of the transcript. I requested, the magistrate judge said, hey, why don't you get a newer transcript? We had one issued to us, which we filed in the district court recently, a couple of days ago. We tried to file a supplemental brief on this point. The court denied it, understandably. It was at the last minute. But in that, we point out that, look, there was an issue, a transcript issued two days ago on Thursday, and it has Doe's name in it hundreds of times. Let me be clear on this. This comes to you from the Connecticut court? That's correct, Your Honor. And it's a certified transcript? On the last page, Her Honor can see the signature. And it says it was issued on the 7th of this month, on the last page of each of the transcript volumes. Now, when the case went from this court to the Connecticut Supreme Court in the earlier litigation that you were before this court on, the Connecticut Supreme Court maintained her name under seal, referring to Connecticut General Statute 54, 56, 868, I think it is. How do we not recognize that action by the Connecticut Supreme Court in keeping her name under seal? So they weren't... Anonymously. So that issue wasn't before them. It wasn't litigated before them. The issue of pseudonymity, the issue of Doe's anonymity, that wasn't properly before them? And that court, they have a note about this? It wasn't properly before them. They had a litigation involving her and they decided that she shouldn't be named. I mean, this court, when we did it, we said nobody's asked us to do anything differently, so we'll maintain her name, we'll maintain her anonymity the way it was in the district court. Then it went to the Connecticut Supreme Court. And the Connecticut Supreme Court specifically invoked this statute. With the Connecticut Supreme Court, if the issue isn't briefed, if the issue isn't live before them in a hot argument, they're not going to address it. They're not going to rule on it on the merits. They're going to save it for another day. And that's what they did there, because the issue was whether Yale's process was sufficient to be quasi-judicial, if it satisfied the due process and concerns. You're saying that you're now before us with a certified copy of a Connecticut record and it names her? That's correct, Your Honor. And so you're now saying that the ruling of the federal court is at odds with the document you've got? That's correct, Your Honor. Why can't you go to the district court and ask the district court to take consideration of that and reverse or vacate the magistrate judge's ruling on this? We had one deadline, Your Honor, already passed. I'm sorry. We have another extension. We had one deadline, the 24th of October, already passed. There's an emergency motion that's been pending before the district court for more than 100 days, 120 days I think it is now more than. And so I don't believe we're going to get relief. We're not even going to get a ruling on it. And so... You may not be so confident of that where you haven't even tried. I mean, you said you only got the official transcript two days ago. So the first time you're able to tell the district court that the official transcript name, sir, is now, you could be in front of the district court instead of here. The district court never heard argument on the statute. It's a completely new issue for the district court. It's not like we're just trying to correct her order. Well, that's what the district court, though, is for, to allow you to make this argument. Okay, I just wanted to know what the posture was. Thank you. Thank you. Thank you, Your Honor. Is there no further questions? Thank you.  Good morning, Your Honors, and may it please the Court. The petitioner must prove two things to prevail on his application for an emergency petition for mandamus. First, he must prove there is an emergency, and second, he must prove that he has met the exceedingly high burden required to issue a mandamus. He has not met either. As to the issue of an emergency, the petitioner predicated his request for a mandamus to this Court on the proposition that he had to comply with the USCIS deadline by October 24, 2024. When that deadline passed, he obtained an extension. Okay. Yeah, I'm just trying to be mindful of your time and actually trying to help move this along. Can you respond to what your colleague mentioned earlier or just said about they now have an official transcript that has her name in it? Two points, Judge. Well, a couple points. First and foremost, Judge, it's a new development that demonstrates the lack of emergency here. They could have obtained the transcript long, long ago, so certainly there's no basis to issue a mandamus. Do you agree that the official transcript has her name in it? We agree that the current version of the official transcript has her name in it. Well, when you say current version, I mean, that's supposed to suggest what to me? That's the version of the transcript that the Court is issuing. Correct. My only point, Judge, was that there is now indisputably a prior version as well. And we believe, and I think both parties are now agreed, that it is an issue for the Connecticut Superior Court to adjudicate. So you have two, I'm sorry, just to make sure, and then I'm going to get back to her question. You have two different versions, both that say certified, one that has her name and one that doesn't. Is that what your argument is? I'm not sure that the second one is certified. I would say that we certainly have two different versions of the transcript. You have one that does not name her? We do not have one that does not fully name her. We have a version. Every transcript that's been issued so far has her name in it, as I understand it. Is that right? That is correct. Okay. In that case, what's the authority of the magistrate judge to say that he can't use her name when it's in an official transcript? The authority, I would say this, first and foremost, this is a brand new development. The parties believe, we believe it's mistaken, and we would ask the magistrate judge to allow us to adjudicate that issue with the superior court to give us some time, given that, obviously, they obtained an extension. Let me ask you, if the first version of the transcript had her name, why weren't you in the Connecticut court at that point saying, redact her name and make that the official transcript? We went to the Connecticut Superior Court when we learned that the public version of the transcript had her name. And what happened? They redacted a page in the transcript. It was our understanding until two days ago that they redacted the entire transcript. And apparently, that was not the case. I see. We are in a very muddled situation, Judge, where officially the court reporter has said the transcript should be redacted, but the redactions are incomplete, is the situation as we see it today. We are in flux. Both parties agree it's an issue for the superior court. To your point, Judge, at a certain point, it may be necessary to take this up with the district court, but it's certainly not an issue for this court on a mandamus, when, again, this issue could have been resolved long before. They were obviously aware of the corrected transcript since July. It's been in the district court record. I will note, the authority of the district court, you asked, very briefly, the district court was concerned about what may happen to the name at USCIS, given the fact they have already apparently misplaced this transcript. I see that I'm out of time. I will rest my papers. No, no, no. You need to answer her question. Yes. Sorry. And I think the final response would be, Judge, that the district court had the authority to ensure the protection of the name, given that it is found that she is entitled to anonymity, given that it is found concerns about dissemination of her name to harass her. It had concerns, and I'll point Your Honor specifically to Exhibit E of our objection, which is the transcript from the October 21st, 2024 hearing before the district court. The district court was concerned about what may happen to the transcript if it goes to USCIS has apparently misplaced the version of the transcript, and it asked Petitioner's Putative Immigration Counsel about that. Petitioner's Putative Immigration Counsel certainly did not give any insurances as to what may happen to this transcript if it goes to USCIS. The district court was obviously concerned about the federalism issues of it possibly suggesting inadvertently that the official transcript is something other than what it is by rule of the Connecticut Security Court. So those were all legitimate. Let me prolong this. What difference does it make which one is official? If all three of them, the one he had originally, the one that was supposedly redacted, and now the one that materialized yesterday, if they all three have her name in it, why are we distinguishing among them for our purposes? We don't think you should even reach the issue, Judge. So we would say you don't need to distinguish them. There's no emergency here. There's no petition for a mandamus that should be entertained. So I would agree with you, you don't need to reach the issue. We believe the issue is an issue for the superior court to resolve as to what is supposed to and not supposed to be in this transcript. Right. But you're saying that there's no proceeding in the judicial court. Correct, Judge. And that's my point. The only matter there is, right now, this morning, is before the district court, which it hasn't ruled on, or on an action that Mr. Kahn brings in the district court in light of this new transcript. But are you representing to us you're going to initiate an action tomorrow in the state court? We are considering that possibility. Well, considering one can consider any number of things. Fair enough, Judge. But I would also point out that one of the elements of a mandamus is that the petition must show they have no other remedies. And my point is, there is no petition in the superior court right now. What petition does, he's got what he wants. He's got an official transcript that names him. He says he does not have what he wants. The problem is, he's got a district court decision by a magistrate judge that doesn't let him send that transcript to the immigration authorities. Okay, I understand your argument. Thank you. Your colleague has one minute. Thank you, Judges. May it please the Court. My name is Patrick Noonan. I represent Yale University. Let me, if I can, address first the question of what is the official transcript. The difficulty is that none of them are the official transcript. None of them have been certified as the official transcript. Indeed, Mr. Sarami wrote to the court reporter on Friday and said she should not be deciding what the transcript is. That should be a superior court judge. We agree. And there is a mechanism for that.  At least in the federal system, the court reporter certifies that this is the official transcript. You're saying that's not how a transcript is certified in Connecticut? That hasn't happened here, Your Honor. What hasn't happened? The certification by any of the court reporters. There have been several court reporters, and we have several different versions. Some have the name, some do not. Clarify that. I thought he said that the last version he got was certified. I do not see any certification. And in addition, Mr. Sarami himself has stated in writing that the proper thing to do is to go to the superior court. We agree with that. We think you should go to the superior court and have the court decide what its rules are. I don't think we want the district judge deciding what the state court rules are. So you think that the district court ruled prematurely here? No, I think the district court did the right thing. And more. Why would a district court order the redaction of parts of a state court transcript? So that it would comply with, I think, the Connecticut Supreme Court and the initial filings in this case that kept Ms. Doe's name private. Right, but that was a civil proceeding. This is a criminal proceeding. She testified in open court? It was an open courtroom? I think so, Your Honor. And she gave her name? I believe she did. It would seem to me that that would be grounds for not sealing her name unless Connecticut law provided otherwise. And that's what we're trying to... It's a question for the federal court when there's no redaction of the transcript by the Connecticut court? And we'd have no objection to this court or the district court sending it back to the Connecticut court to make a decision. Thank you. Thank you. Thank you, Your Honor. Thank you everyone. We are going to take this case under advisement. We will need to take a five-minute recess.